UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BELTRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>THE HOME DEPOT,<br><br>        Defendant. | Case No.: 1:14-cv-01127 --- JLT<br><br>ORDER DENYING STIPULATION TO TRANSFER VENUE<br><br>(Doc. 9) |

Before the Court is the stipulation of counsel to "Transfer . . . this action to the United States District Court for the Eastern District of California." (Doc. 9 at 2) For the reasons set forth below, the stipulation is **DENIED**.

For nearly every year over the last decade, the Eastern District of California has carried the highest weighted caseload of any district in the entire federal system. The judges carry caseloads which are approaching triple the national average. The causes for this are many-fold. First, over the last 30 years, California's population has expanded significantly and many of these people live in this District. Likewise, numerous prisons have been constructed in this District bringing thousands and thousands of inmates to this area. This growth of inmate and non-inmate populations has caused the civil and criminal caseloads to explode.

Second, the Eastern District of California has not had a new judgeship in about 30 years. Thus, the same number of judicial officers are handling exponentially more cases now than the same number

of judges handled 30 years ago. As it stands, the Fresno Division has only one active district judge and one part-time senior district judge who are constitutionally obligated to place priority on criminal matters. Despite this, more than half of the civil cases filed in the District are filed in the Fresno Division. The Sacramento Division has four active district judges and two senior district judges so the Court has been forced to redirect many of the civil cases filed in the Fresno Division to the Sacramento Division. At the onset of this case, the parties were reminded of this judicial crisis and were advised that their case had been randomly selected to be reassigned to the Sacramento Division. (Doc. 6-1)

However, now before the Court is the stipulation of counsel in which the parties seek to "opt-out" of the reassignment to the Sacramento Division. (Doc. 9) They assert that the convenience of the parties and witnesses require the return of the case to the Fresno Division. Id. at 2. However, in making this argument, counsel ignore that every other case selected for reassignment to the Sacramento Division faces this same situation.

Unfortunately, the choice with which the Court is confronted is to simply suspend most if not all of the civil cases filed in the Fresno Division or to provide the parties the option of consenting to magistrate judge jurisdiction—and allow their case to proceed in the convenient forum—or, to decline this option and allow the case to proceed in Sacramento. The Court understands the frustration of counsel and hardship on the parties but unless and until this Court is afforded additional judicial resources, it simply cannot continue to hear the continued onslaught of civil cases. The parties and counsel are encouraged to contact their senators and congress members to press for change but change occurs, the Court must employ all reasonable tactics to attempt to advance the cases through the system.

Therefore, the stipulation for a change of venue/transfer to the Fresno Division (Doc. 9) is **DENIED**.

IT IS SO ORDERED.

   Dated:   **September 15, 2014**              /s/ Jennifer L. Thurston
                                                             UNITED STATES MAGISTRATE JUDGE