**Law Offices of**
**Young & Nichols**
A Partnership Composed of Professional Corporations

1901 Truxtun Avenue
P.O. Box 2347 • Bakersfield, CA 93303
Telephone 661-861-7911 • Facsimile 661-861-7932

STEVE W. NICHOLS, ESQ., SBN 91561
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * * * * *

| | |
|---|---|
| JAIME BELTRAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, INC.,<br><br>　　　　Defendants. | CASE NO.: 1:14-CV-01127-JLT<br><br>**JOINT SCHEDULING REPORT** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, as well as the Court's July 18, 2014 Order Setting Mandatory Scheduling Conference, counsel for the parties hereby submit this Joint Scheduling Report.

**1. Summary of Factual and Legal Contentions**

Plaintiff's cause of action involves negligence and premises liability. On June 9, 2019, plaintiff Jaime Beltran was shopping in the tool aisles for work materials at The Home Depot on Rosedale Highway in Bakersfield, California. Plaintiff alleges an employee of The Home Depot pushed a ladder up next to him, intending to climb it to retrieve items from overhead shelves. Plaintiff further contends that due to the employee's negligence, at least three boxes of

1

items fell off the overhead shelves and struck Mr. Beltran, causing serious injuries. Defendant disputes negligence and the extent of Plaintiff's injuries.

2. **Amendment of Pleadings**

The parties do not anticipate the necessity of seeking to amend any of the pleadings.

3. **Summary Detailing the Uncontested and Contested Facts**

Uncontested Facts:

   a. On June 9, 2013, an incident occurred at The Home Depot on Rosedale Highway in Bakersfield, California, wherein boxes of items stacked on overhead shelves were caused to fall and land on plaintiff, Jaime Beltran.

   b. That the aisle was not closed for customer traffic at any time Mr. Beltran was present in the aisle shopping.

Contested Facts:

   a. The nature and extent of the injuries plaintiff suffered.

4. **Summary of Legal Issues in Dispute**

The issues deal with the nature and extent of the injuries. The actual accident and the cause of the falling boxes are not in dispute.

5. **Status of All Matters Presently Set Before the Court**

The parties have no matters pending before this Court related to this case.

6. **Discovery Plan**

   a. A date for the exchange of initial disclosures required by Fed.R.Civ.P. 26(a)(1) or a statement that disclosures have already been exchanged: **11/3/2014;**

   b. A firm cut-off date for non-expert discovery: **4/1/2015;**

   c. A firm date(s) for disclosure of expert witnesses as required by Fed.R.Civ.P. 26(a)(2): **5/1/2015;**

   d. A firm cut-off date for expert witness discovery: **6/15/2015;**

e. Any proposed changes in the limits on discovery imposed by Fed.R.Civ.P. 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a): **None at this time**.

f. Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information: **Defendant may seek a confidentiality agreement and protective order depending upon what information is requested about company policies and procedures during the course of discovery;**

g. Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery: **None at this time;**

h. Whether the parties anticipate the need to take discovery outside the United States and if so a description of the proposed discovery: **Not at this time.**

i. Whether any party anticipates video and/or sound recording of depositions: **Plaintiff and Defendant do not intend to do so at this time, but reserve the right to do so at a later date;**

j. A proposed date for Mid-Discovery Status Report and Conference: **3/1/2015**.

7. **Discovery Relating to Electronic, Digital and/or Magnetic Data**

None at this time.

8. **Dates Agreed to by All Counsel for:**

a. Filing non-dispositive1 and dispositive2 pre-trial motions with the understanding that motions (except motions in limine or other trial motions) will not be entertained after the agreed upon date: **non-dispositive 6/1/2014; dispositive 8/1/2015;**

b. Pre-Trial Conference date. (Eight weeks after the hearing on the dispositive motion.): **10/1/2015;**

3

c. Trial date. (Eight weeks after the pre-trial hearing.): **12/7/2015.**

9. **Settlement Status**

A mediation is being scheduled for January 8, 2015.

10. **Jury or Non-Jury Case**

Plaintiff timely requested trial by jury.

11. **Trial Days Estimate**

Seven.

12. **Trial by Magistrate Judge**

There is not a mutual agreement among the parties for a trial by magistrate judge, at least as of this time.

13. **Bifurcation of Phasing of Trial and Suggestions Regarding Discovery or Trial**

Neither side presently anticipates requesting a bifurcation or phasing of trial, and neither side presently has any suggestions regarding discovery or trial.

14. **Related Cases**

There are no currently pending related cases.

**Statement Regarding Authorization for Electronic Signature**

Aimee Hamoy-Perera, Esq., counsel for Defendant, has authorized Steve W. Nichols, counsel for Plaintiff, to submit this Joint Scheduling Report for electronic filing on her behalf with her signature affixed below.

DATED: November 24, 2014         LAW OFFICES OF YOUNG & NICHOLS

                                  By  /s/
                                  _____
                                  STEVE W. NICHOLS, ESQ.
                                  Attorneys for Plaintiff

DATED: November 24, 2014               BURNHAM BROWN


                                       By   /s/
                                       _____
                                          AIMEE HAMOY-PERERA, ESQ.
                                          Attorneys for Defendant