UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BELTRAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE HOME DEPOT,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01127 JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING PLAINTIFF'S MOTION TO DISMISS (Doc. 22)<br><br>ORDER VACATING HEARING ON MOTION TO REMAND OR DISMISS |

**I.　Background**

Plaintiff alleges he was injured in a Home Depot store in Bakersfield, California on June 9, 2013, when an employee of the store, Matthew Hilman, caused items to fall from a shelf and strike Plaintiff on his head. (Doc. 1-2 at 4) Plaintiff filed the case on April 7, 2014 in the Kern County Superior Court. (Doc. 1-2 at 3) In the complaint, Plaintiff alleged Defendant was incorporated in Atlanta, Georgia and doing business in California. Id. Other than Doe Defendants—whose residences were not alleged— Home Depot was the only named defendant. Id. at 3-4.[1,2] (Doc. 1-3 at 2)

On July 18, 2014, Home Depot removed the matter to this Court. (Doc. 1-1; Doc. 5) In support of the removal, attorney Paul Caleo filed a declaration indicating that Home Depot was incorporated in

---

[1] Notably, Plaintiff alleged that each of the Doe Defendants was "an employee, agent or servant" of Home Depot. (Doc. 1-2 at 4)
[2] Home Depot U.S.A., Inc., apparently, is the true name of Defendant "The Home Depot." (Doc. 1-4 at 2)

1

1   the State of Delaware but its principal place of business was in Atlanta, Georgia.  (Doc. 1-5 at 2)  In
2   addition, Home Depot reported that Plaintiff filed a statement of damages on April 17, 2014 in which
3   he sought damages in excess of $2,000,000 and asserted Plaintiff was a resident of California.  (Doc. 1-
4   1 at 2-3)  Upon these allegations, Home Depot asserted that federal court diversity jurisdiction was
5   shown. Id. at 3.

6   On December 16, 2014, the Court issued its scheduling order setting forth the deadlines that
7   would govern the case.  (Doc. 21)  Soon thereafter, on January 9, 2015, Plaintiff filed his motion to
8   dismiss.  (Doc. 22)   Plaintiff's motion indicates that he has filed a new state court action based upon
9   the exact same set of facts as in this case and in which he has named the current defendant and three
10  others, who were employees of the store on the date the incident occurred. Id. at 3.  Plaintiff reports the
11  three employees are residents of California and, seemingly, asserts that, as a result, this Court lacks
12  jurisdiction; it does not.

13  **II.  Analysis**
14      **A.  Motion to remand[3]**

15  In his motion, Plaintiff takes issue with what he believes is underhandedness on the part of
16  Home Depot.[4]  (Doc. 22 at 5)  He suggests that Home Depot rushed to file the notice of removal to
17  thwart him from discovering first whether there were others at fault in the incident which gives rise to
18  the complaint. Id.  Plaintiff ignores that a notice of removal must be filed within 30 days of the
19  defendant's receipt of the complaint or service of the summons, whichever is earlier, when federal
20  court jurisdiction appears on the face of the complaint, or within 30 of the defendant's receipt of any
21  paper demonstrating federal court jurisdiction if it does not. 28 U.S.C. § 1446(b)(2).  Thus, Home

---

[3] Plaintiff seems to argue the matter should be remanded to state court because Bakersfield is a more convenient forum for the parties and witnesses.  (Doc. 22 at 4)  Exactly how this bears on the Court's analysis is unclear given the matter *is* currently venued in Bakersfield.  Moreover, the venue provisions do not suggest that the doctrine of forum non conveniens is a basis for remand to more convenient state court venue; instead, it is a basis for transfer to a more convenient *federal court* venue. 28 U.S.C. § 1404(a)["For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."]

[4] Plaintiff also seems to argue that Home Depot acted improperly in "unilaterally" removing the action to federal court. (Doc. 22 at 3)  Though the Court does not doubt there are situations in which a plaintiff may not object to the removal, a plaintiff's consent to removal is unneeded.  Just as a plaintiff need not confer with a prospective defendant to get his thoughts on where the plaintiff should file the complaint—"the plaintiff is the master of his complaint" (Balcorta v. Twentieth Century–Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir.2000))—a defendant has the absolute right to seek removal when federal court jurisdiction is apparent. 28 U.S.C. § 1441(a).

Depot would have been precluded from seeking removal of the action had it delayed until Plaintiff determined the citizenship of the witnesses he has decided should be defendants in the case.[5]

On the other hand, to the extent Plaintiff seeks remand of this matter, his motion is not timely. A motion to remand must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Moreover, and most important, Plaintiff has failed to provide any grounds for remand. Though he contends that he has filed an action is state court naming non-diverse defendants along with Home Depot, all this shows, at most[6], is that the new matter may not be removable; it does not demonstrate that this Court lacks jurisdiction or that remand of this matter is proper.[7]

Likewise, Plaintiff's reliance on the authorities he cites is misplaced. In Alderman v. Pitney Bowes Management Services, 191 F.Supp.2d 1113, 1114 (N.D. Cal. 2002), the plaintiff filed his action in state court against a diverse defendant and two non-diverse defendants. The diverse defendant removed the case and argued that the remaining defendants were misjoined because they could not be held liable under the theory pleaded. Id. However, the court noted that the non-diverse defendants could be held liable under a theory not yet pleaded and determined they were not sham defendants. Id. at 1115-1116. Thus, the court was obligated to remand the matter based upon a lack of jurisdiction.

Likewise, in Plute v. Roadway Package System, Inc., 141 F.Supp.2d 1005, 1006 (N.D. Cal. 2001), nearly the exact same situation existed as in Alderman. The plaintiff named a diverse defendant and two non-diverse defendants. Id. The diverse defendant removed the matter and argued the others were sham defendants who were joined in the action to destroy diversity. Id. The court determined that the removing defendant failed to demonstrate that liability could not be imposed on the purportedly sham defendants under any theory and, as a result, the court granted the motion to remand. Id. at 1010-

---

[5] Moreover, it appears that Plaintiff takes issue with Home Depot failing to identify all witnesses to the incident on its Rule 26 disclosure. Notably, Home Depot was obligated to identify *only* witnesses who would support its defenses. Fed. R. Civ. P. 26 (a)(1)(A). Moreover, Home Depot's refusal to cooperate in discovery before the Fed. R. Civ. P. 26(f) conference, is not a basis for complaint. Fed. R. Civ. P. (d) ["A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."]

[6] The Court makes no finding that the new state court action is or is not removable.

[7] On the other hand, if Plaintiff is contending that the new state court action is an amendment to the original state court action, he is mistaken. The notice of removal divests the state court of jurisdiction so the new complaint must be a new action. If the filing of the new complaint in state court was an attempt to amend this action, Plaintiff does not explain why he thought that filing the "amendment" in a different forum would have any impact on this litigation.

1012.

Here, there is no claim that non-diverse defendants have been improperly joined; indeed, *there are no other defendants in this action* other than the sole, diverse defendant, Home Depot. Plaintiff has never disputed that Home Depot is not a citizen of California and he does not dispute that he is a citizen of California. Likewise, he does not dispute that the amount in controversy exceeds $75,000. Thus, even if the motion to remand was timely, the motion fails utterly to show that this action was improperly removed to this Court or that this Court lacks jurisdiction over the matter.

According to 28 U.S.C. § 1447(e), Plaintiff should have sought to join the new, non-diverse defendants in this action if he wished to add parties.[8] If the Court granted leave to add the non-diverse defendants, it would have been obligated to remand the matter to state court. Id. However, that did not occur and because no proper grounds for remand have been stated, the motion to remand is **DENIED**. Because the motion to remand is denied the motion for fees, likewise, are **DENIED**.

### B.     Motion to dismiss

Under Federal Rules of Civil Procedure 41(a)(1), a plaintiff may dismiss the action without the court's involvement if he files the request for dismissal before the answer is filed or if he files a stipulation of all parties who have appeared agreeing to the dismissal. In all other situations, a plaintiff requires leave of the court. Fed. R. Civ. P. 41(a)(2).

Here, Home depot has answered the complaint and has not stipulated to the dismissal. To the contrary, Home Depot objects and argues it will suffer prejudice if the matter is dismissed. Home Depot admits that it must demonstrate "plain legal prejudice" in order to defeat the motion. (Doc. 25 at 4) While admitting that having to defend a new action in a new forum does not constitute plain, legal prejudice, Home Depot argues it will suffer prejudice because it will be forced to incur the costs of appearing in the new state court action and, if appropriate, filing the cost of an additional notice of removal. However, there is no showing that the cost of filing the responsive pleading will cause Home Depot to suffer legal prejudice. Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001). Notably, Home

---

[8] The Court declines to consider the proposed amended complaint attached to Plaintiff's motion to dismiss. A motion to amend has not been properly noticed and raising this issue in his reply is improper and deprives Defendant of due process. Even if this were not the case, Plaintiff has failed to address any of the Fed. R. Civ. P. 15 factors to demonstrate that amendment is proper.

Depot cites to no authority for the proposition that being forced to pay an additional filing fee amounts to legal prejudice.[9] Thus, the motion to dismiss is **GRANTED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to remand the matter is **DENIED** but his request to dismiss the action under Fed. R. Civ. P. 41(a)(2) is **GRANTED**;

2. Plaintiff's request for fees and costs is **DENIED**;

3. The hearing on Plaintiff's motion to remand/motion to dismiss is **VACATED**.

IT IS SO ORDERED.

Dated:   **February 3, 2015**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE

---

[9] Moreover, Home Depot could seek an award of costs and fees related to the voluntary dismissal of this action—which could reimburse it for the costs and fees incurred to date, though the Court makes no prediction as to whether such a motion would succeed or the extent to which it may succeed. *See* Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993).